IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY LUCERO,

    Plaintiff,

v.                                                               Case 1:20-cv-00311-JB-JHR

JEMEZ MOUNTAINS ELECTRIC COOPERATIVE INC.,
BOARD OF DIRECTORS FOR JEMEZ MOUNTAINS ELECTRIC
COOPERATIVE INC., in their official and personal capacity,
DONNA MARTINEZ, in her official and personal capacity,
DWIGHT HERRERA, in his official and personal capacity,
ALFONSO MARTINEZ, JR., in his official and personal capacity,
RANDY VIGIL, in his official and personal capacity, and
CARLOS SALAZAR, in his official and personal capacity,

    Defendants.

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26, an order requiring confidential treatment for certain documents and information that may be disclosed during the course of discovery and in the proceedings herein is appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

1. All documents that are produced or made available for inspection and copying by either party to the other and are designated by the producing party as confidential, and the information contained therein, as well as all discovery responses, deposition transcripts, or other items of discovery herein that are designated by the producing party as confidential, and the information contained therein, shall be treated by the party to whom disclosed as confidential.

2. The party designating any document or other item of discovery as confidential shall do so by stamping or labeling the item "CONFIDENTIAL" or otherwise notifying the other party of that designation in writing. Any inadvertent failure at any point in the litigation to

designate a document as "CONFIDENTIAL" will not constitute a waiver of the right to do so subsequently.

3. For purposes of this Order, confidential treatment shall mean that the party to whom disclosure is made shall use the document or information disclosed only for the purposes of this litigation and not for any other purpose, and shall not communicate such document or information in any way to any person except as expressly provided in paragraph 4, below.

4. Only the foregoing persons may have access to documents and information that have been designated as confidential in this litigation:

 (a) Counsel for the parties, and members and/or employees of their firms who are performing legal services in connection with this litigation;

 (b) Plaintiff and client representatives of Defendant to this litigation;

 (c) The author, recipient or copyee of any document designated as "Confidential";

 (d) Court personnel, jurors, and stenographic or videographic reporters engaging in proceedings incident to this action, including depositions and trial;

 (e) Any mediator retained by the parties or appointed by the Court;

 (f) Identified experts; and

 (g) Any other person agreed to by the parties prior to communication of confidential information.

5. If a party designates a deposition or portion thereof as "Confidential," the parties shall (a) exclude from attendance at the taking of the deposition (or from the applicable portion of the deposition) persons not permitted to receive confidential information, and (b) provide to

the reporter engaged to transcribe the deposition a copy of this Order and obtain his or her written agreement to be bound thereby.

6. The restrictions on communication and disclosure set forth above shall not apply to documents or information that are matters of public knowledge, to documents or information that become public knowledge as a result of disclosure (other than a disclosure in violation of this Order), or to documents or information possessed or acquired by discovery independent of documents or information designated as confidential information.

7. The failure of any party to challenge the designation of information as "Confidential" at the time of its disclosure or thereafter shall not be deemed a waiver of its right to challenge the propriety of such designation at any time.

8. Either party may seek to eliminate the confidentiality of any document or information by providing reasonable notice to the other party. In the event the parties cannot agree regarding that request, either party may move the Court, for good cause shown, to permit broader disclosure of or to eliminate the confidentiality of any particular document or information designated confidential by the other party. The party asserting confidentiality shall bear the burden of proving that the document of information is confidential. If a party is successful in obtaining an Order from the Court to eliminate the confidentiality or broaden disclosure of any particular document or information designated confidential after an unsuccessful attempt to resolve the matter informally, the successful party may seek recovery of its reasonable attorney's fees incurred in seeking the Court's Order.

9. After the termination of this litigation, this Order shall remain in effect until all confidential information is destroyed or returned to the producing party.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

SALCEDO LAW PC

*/s/ Betsy Salcedo*
     Betsy Salcedo
Attorney for Plaintiff
P.O. Box 53324
Albuquerque, NM 87153
(505) 610-6904

and

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

     Filed electronically

By: */s/ Jonlyn M. Martinez*
     JONLYN M. MARTINEZ
Attorneys for Defendants Salazar and Martinez
P.O. Box 1805
Albuquerque, NM 87103-1805
(505) 247-9488

and

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

By     */s/ Lorna M. Wiggins*
     Lorna M. Wiggins
Attorneys for Defendants JMEC, Herrera, Vigil
  and Montoya-Trujillo
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400