IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY LUCERO,

    Plaintiff,

v.                                                                                                                                                 Case 1:20-cv-00311-JB-JHR

JEMEZ MOUNTAINS ELECTRIC COOPERATIVE INC.,
BOARD OF DIRECTORS FOR JEMEZ MOUNTAINS ELECTRIC
COOPERATIVE INC., in their official and personal capacity,
DONNA MONTOYA TRUJILLO, in her official and personal capacity,
DWIGHT HERRERA, in his official and personal capacity,
ALFONSO MARTINEZ, JR., in his official and personal capacity,
RANDY VIGIL, in his official and personal capacity, and
CARLOS SALAZAR, in his official and personal capacity,

    Defendants.

## **JMEC'S CORRECTED RESPONSE TO ATTORNEY AFFIDAVIT**

In response to the Attorney Affidavit of Marlo Aragon filed on September 16, 2020 [Doc. 63] (the "Affidavit"), Defendant Jemez Mountains Electric Cooperative Inc. ("JMEC") submits this response in support of its Motion to Compel Responses to Discovery Requests and for Sanctions and Brief in Support Thereof (the "Motion") [Doc. 49] and states as follows:

    1.    The Affidavit is defective. It is not notarized nor does it contain a statement that it was made under penalty of perjury.

    2.    The Affidavit was not timely filed. Plaintiff's response to the Motion was due September 4, 2020, including any supporting affidavits. The rules do not permit filings after the reply brief other than a notice of completion of briefing, which was filed on September 8, 2020 [Doc. 59]. *See* D.N.M.LR-Civ. 7.4. The affidavit was filed less than seven days before the scheduled hearing on September 21, 2020 [Doc. 53, served August 28, 2020].

    3.    The Affidavit is replete with hearsay, *e.g.*, "Fed Ex could not track the package without the tracking number." Affidavit at ¶ 3.

4. In response to the statements made in the Affidavit, JMEC admits that Plaintiff's attorneys produced a document that appeared to be the receipt that was emailed to the parties [Doc. 62-1] for inspection by JMEC's counsel office. However, JMEC has been unable to verify the authenticity of that receipt and, thus, issued subpoenas to FedEx Office and FedEx Ground, which are attached hereto as Exhibits A, B and C.

5. In response to those subpoenas, JMEC received a CD containing video footage from the FedEx Office location at the date and time printed on the receipt. No customers are standing near any of the registers at the time printed on the receipt. See the Certification of Business Records from FedEx Office and screenshots from the surveillance video attached hereto as Exhibits D and E, respectively. In addition, FedEx Ground was unable to locate any shipments to the address printed on the receipt. See the September 16, 2020 response from FedEx Ground attached hereto as Exhibit F.

6. In response to paragraph 3 of the Affidavit that the box could have been misdirected anywhere, Plaintiff's counsel informed the Court that the package was misdirected to Nevada. The Affidavit now implies that it could have been misdirected to Nevada.

7. In response to paragraph 5 of the Affidavit concerning Ms. Salcedo's misstatement that the box was delivered by the USPS, JMEC notes that Ms. Aragon's signature is on Plaintiff's response [Doc. 60]. Ms. Aragon and Ms. Salcedo are responsible for verifying the accuracy of any statements made in Court filings. This is especially true regarding Plaintiff's response to the Motion since it is Ms. Aragon who has personal knowledge of the facts concerning service of the discovery responses. Further, Ms. Salcedo was well aware of Ms. Aragon's claim that the box was sent by FedEx and not by USPS at the time she filed the response. Ms. Salcedo emailed the receipt on September 9, 2020, the day after she filed Plaintiff's response to the Motion. The

inspection of the FedEx Office receipt took place at Ms. Salcedo's office on September 10, 2020, and she personally called FedEx Office and was transferred to a customer service representative of FedEx Ground during the inspection.

8. In response to paragraph 7 of the Affidavit that the USB drive was added to Plaintiff's discovery responses after the box was returned to Ms. Aragon, JMEC notes that Plaintiff's discovery responses that were purportedly served on August 5, 2020 [Doc. 62-2] reference the USB drive "supplement." The box that Ms. Aragon delivered contained a single discovery response by Plaintiff, not an initial and supplemental response. Plaintiff's attorneys accounts of the events do not make sense.

9. JMEC disagrees that Plaintiff has responded to the discovery requests in good faith. As stated in the Motion and supporting reply, Plaintiff's discovery responses were due August 5, 2020, the date to which the parties agreed after Plaintiff stated he had a medical emergency and could not meet the 30-day deadline. The delivery date on the receipt was August 7, 2020. JMEC did not receive Plaintiff's discovery responses until after business hours on August 26, 2020 when they were hand delivered by Ms. Aragon. There was no cover letter or Certificate of Service enclosed with Plaintiff's discovery responses. Simply put, Plaintiff has no verifiable evidence to corroborate that he timely served his discovery responses. Further, Plaintiff's counsel ignored JMEC's follow up request and took no action until after the Motion was filed. It is not JMEC's obligation to ensure Plaintiff complies with the rules.

10. For the foregoing reasons, Plaintiff should be sanctioned as permitted by Fed R. Civ P. 37(d)(1)(A)(ii) for his failures. Significant time was invested by JMEC to coordinate Plaintiff's deposition in this case as well as communicating with opposing counsel concerning

Plaintiff's discovery responses, preparing the Motion and supporting filings, inspecting the receipt and subpoenaing records, which has resulted in JMEC incurring unnecessary attorneys' fees.

JMEC respectfully requests this Court order Plaintiff to respond fully, accurately and in good faith to the discovery requests; enter appropriate sanctions against Plaintiff, including awarding JMEC its attorneys' fees, not permitting Plaintiff to object to the interrogatories and deeming his responses to the requests for admissions as admitted and for such other and further relief as the Court deems just and proper in the premises.

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

Electronically Filed

By   */s/ Lorna M. Wiggins*
     Lorna M. Wiggins
Attorneys for Defendants JMEC, Herrera, Vigil
  and Montoya-Trujillo
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

I HEREBY CERTIFY that on the 18th day of September, 2020,
I filed the foregoing electronically though the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing:

    Betsy R. Salcedo, Attorney for Plaintiff
    Jonlyn M. Martinez, Attorney for Defendants Salazar and Martinez

*/s/ Lorna M. Wiggins*
Lorna M. Wiggins